**704**

STATE of Missouri,
Plaintiff-Respondent,

v.

James T. SPRUK, Defendant-Appellant.

No. 14373.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 16, 1987.

Motion for Rehearing or to Transfer to
Supreme Court Denied Feb. 9, 1987.

Application to Transfer Denied
March 17, 1987.

William L. Webster, Atty. Gen., Paul La-Rose, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Susan L. Hogan, Columbia, for defendant-appellant.

TIMOTHY D. O'LEARY, Special Judge.

Defendant, James T. Spruk, was jury-convicted of receiving stolen property with a value of at least $150 and was court-sentenced, after a determination that he was a prior offender, to four years in the Missouri Department of Corrections.

The single allegation of error is that the trial court erred in failing to enter a judgment of acquittal at the close of the state's evidence because the state failed to make a submissible case.

We examine the evidence and view it in the light most favorable to sustain the verdict. *State v. Hurd,* 657 S.W.2d 337, 338 (Mo.App.1983).

The essential elements of the state's case were set out in instruction No. 5, as authorized by MAI–CR2d 24.10. That instruction required the jury to find that Spruk retained video disc movies and VHS movie tapes and an AM/FM radio, that he knew or believed this property was stolen, that he retained the property for the purpose of disposing of it or using it in such a way that made recovery by the owner unlikely, and that the property had a value of over $150 in order to return a verdict in favor of the state.

On appeal, Spruk directs our attention to two of these essential elements. He suggests that there was no substantial evidence that he knew or believed the property was stolen and that there was no substantial evidence that he retained the property for the purpose of depriving the owner of a lawful interest therein.

We focus our attention on the facts introduced to support these two elements of the state's case.

Sonya Mills was employed by Video Plus, a store located in Joplin, Missouri, that sells video tapes and video discs. On February 9, 1986, a Saturday night, Sonya closed the store. During that night, the windows of the front door were broken out with a brick and a number of video tapes

and video discs were stolen. The items had a combined value of $1,800.

The next day, at around 10:30 a.m., Mr. Don Pence, who was on his way to work, saw Spruk pull his truck off Missouri Street, go down Ninth Street, cross the railroad tracks and park on the wrong side of the road. Pence then watched Spruk get a box from the truck, go behind a barricade and start loading items into the box. During the process of loading the box, Spruk noticed Pence coming his way, stopped and looked at him, packed up his box, put it in the back of his truck and left. Pence then walked over to where Spruk had been and saw a number of video tapes and discs. The video tapes were stacked neatly and the video discs were piled up next to them. Pence then glanced up and saw Spruk pull out in his truck onto Minnesota Street, and noticed that when Spruk saw him standing near the property, Spruk backed up and left the scene.

Shortly thereafter, Pence went across the street to phone the police and saw Spruk once again drive up to where the property was located and watched Spruk load the rest of the tapes and discs onto his truck. It was then that Pence got the license number of the truck.

Gary Gilmore, a friend of Spruk's, testified that on February 10, around noon, Spruk came to his house and told Gilmore he had found a box and asked for help in carrying it into Gilmore's house. Spruk asked Gilmore to keep the closed box for one week and he would be back and pick it up.

In addition to the above evidence, the state offered the testimony of Detective Sitton. Officer Sitton located Spruk through the license plate number he had been given on February 12. Sitton interviewed Spruk, and confronted him with what Pence had seen. Spruk responded to this information by stating that he had not been in the truck on Sunday, but rather had stayed home until 3:00 p.m. that day.

Later that same day, Sitton advised Spruk that he had enough grounds to arrest him on probable cause of receiving stolen property. At that point, Spruk asked what he could do to help himself out, and Sitton told him the best thing he could do was to help retrieve the missing property. Spruk then asked if he would have to go to jail if he were able to locate and return the property. After some further conversation, Spruk agreed to take the officer to the missing property. Sitton asked Spruk how he could take him to the missing property if he had no knowledge of it. Spruk said, "Well, I do know about it. I was driving down the street to get a pack of cigarettes, saw the property and stopped and picked it up." Sitton then asked him, "If that's what happened, when you walked over to the property and saw this property sitting there, knew that kind of stuff should not be at that location with the name of a business on it what his thoughts were." Spruk then replied, "Well, I assumed the stuff was Video Plus' since it had their name on it. I just figured somebody had ripped them off and dumped the stuff here and I decided 'why shouldn't I take it.'" And he did.

The mere recitation of these facts answers the two questions of submissibility raised by Spruk. These facts demonstrate that there was ample evidence presented from which a jury could form a firm belief that Spruk knew this property was stolen and retained it for his own use.

Judgment affirmed.

GREENE, P.J., and HESS, Special Judge, concur.